No. 25-20441

# In the United States Court of Appeals for the Fifth Circuit

MICHAEL WAYNE SINGLETARY,

*Plaintiff-Appellant,*

v.

SWBC MORTGAGE CORPORATION AND FEDERAL HOME LOAN MORTGAGE CORPORATION A/K/A FREDDIE MAC,

*Defendants-Appellees.*

On Appeal from the United States District Court for the
Southern District of Texas, Houston Division
Civil Action No. 4:25-cv-2835

## BRIEF OF APPELLEES
SWBC MORTGAGE CORPORATION AND
FEDERAL HOME LOAN MORTGAGE CORPORATION

Sabrina A. Neff
HUSCH BLACKWELL LLP
Texas Bar No. 24065813
600 Travis Street, Suite 2350
Houston, Texas 77002
[Tel.] (712) 647-6800
[Fax] (712) 824-7905
Sabrina.Neff@HuschBlackwell.com

Brandon S. Stein
HUSCH BLACKWELL LLP
Arizona Bar No. 038536
2415 East Camelback Rd., Suite 500
Phoenix, Arizona 85016
[Tel.] (712) 647-6800
[Fax] (712) 824-7905
Brandon.Stein@HuschBlackwell.com

*Counsel for Defendants-Appellees SWBC Mortgage Corporation and Federal Home Loan Mortgage Corporation*

## CERTIFICATE OF INTERESTED PERSONS

***Michael Wayne Singletary v. SWBC Mortgage Corporation, Federal Home Loan Mortgage Corporation, Case No. 25-20441:***

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

## Private Parties

**Plaintiff/Appellant**
Michael Wayne Singletary

**Counsel for Defendants-Appellees**

**Defendants/Appellees**
SWBC Mortgage Corporation

Sabrina A. Neff
HUSCH BLACKWELL LLP

Federal Home Mortgage Corporation, also known as Freddie Mac

Brandon S. Stein
HUSCH BLACKWELL LLP

## Financially Interested Persons and Entities

Plaintiff/Appellant, Michael Wayne Singletary.

Defendants/Appellees SWBC Mortgage Corporation and Federal Home Mortgage Corporation.

s/ *Sabrina A. Neff*
Sabrina A. Neff

*Counsel for Defendants-Appellees SWBC Mortgage Corporation and Federal Home Loan Mortgage Corporation.*

i

4930-6091-7886.2

ii

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary. This case involves legal issues that are easily decided under governing law. The suggestion by Appellant that oral argument is necessary is incorrect and fails to set forth any grounds which would legitimately require oral argument. If the Court desires to hear oral argument, Appellees respectfully request an opportunity to participate.

4930-6091-7886.2

TABLE OF CONTENTS

PAGE

Jurisdictional Statement...................................................................................1

Concise Statement of the Case, Relevant Facts, Procedural History, and Rulings Presented for Review.............................................2

    The Allegations of the Amended Complaint .......................................4

    Procedural History............................................................................7

    District Court's Order Under Appeal. ..............................................10

Summary of the Argument .............................................................................12

ARGUMENT ................................................................................................14

    I.   THE DISTRICT COURT DID NOT MISCHARACTERIZE APPELLANT'S CLAIMS. ................14

    II.   APPELLANT HAS NOT PLAUSIBLY ALLEGED THAT HE IS ENTITLED TO DECLARATORY JUDGMENT OR QUIET TITLE. .......................................17

    III.   APPELLANT'S ALLEGATIONS ARE NOT SUFFICIENT TO PLAUSIBLY STATE A CLAIM FOR FRAUD. ...................................................................24

    IV.   THE AMENDED COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF CONTRACT. ...........................28

    V.   NEITHER PUBLIC POLICY NOR FEDERAL STATUTES MERIT REVERSAL OF THE DISTRICT COURT. .................................................................29

    VI.   THE DISTRICT COURT WAS CORRECT TO DISMISS WITH PREJUDICE AND DID NOT OFFEND CONSTITUTIONAL PRINCIPLES. ...................31

Conclusion ....................................................................................................34

Certificate of Service .....................................................................................36

Certificate of Compliance...............................................................................36

4930-6091-7886.2

TABLE OF AUTHORITIES

**Page(s)**

CASES

*ABC Arbitrage v. Tchuruk,*
  291 F.3d 336 (5th Cir. 2002)...........................................................24
*Anderson v. L. Firm of Shorty, Dooley & Hall,*
  393 F. App'x 214 (5th Cir. 2010).....................................................34
*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)..........................................................................33
*Baughman v. Hickman,*
  935 F.3d 302 (5th Cir. 2019)............................................................24
*Burghardt v. Bank of Am., N.A.,*
  No. 3:25-CV-00145, 2025 WL 3201637 (S.D. Tex. Nov. 5, 2025).......20
*Calvino v. Conseco Fin. Servicing Corp.,*
  No. A-12-CA-577, 2013 WL 4677742 (W.D. Tex. Aug. 30, 2013).......20
*Carpenter v. Longan,*
  83 U.S. 271 (1873).......................................................................15, 16
*Cervantes v. Countrywide Home Loans, Inc.,*
  656 F.3d 1034 (9th Cir. 2011)..........................................................27
Colbert v. Wells Fargo Bank, N.A.,
  850 F. App'x 870 (5th Cir. 2021)......................................................29
*Consumer Fin. Prot. Bureau v. Brown,*
  69 F.4th 1321 (11th Cir. 2023) ........................................................23
Delgado v. Methodist Hosp.,
  936 S.W.2d 479 (Tex. App.—Houston [14th Dist.] 1996)...................29
*Farkas v. GMAC Mortg., L.L.C.,*
  737 F.3d 338 (5th Cir.2013).........................................................15, 22
*Gibbs v. Ocwen Loan Servicing, LLC,*
  No. 3:14-CV-1153-M, 2014 WL 4414809 (N.D. Tex. Sept. 5,
  2014).........................................................................................25, 32
*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,*
  313 F.3d 305 (5th Cir.2002).............................................................32
*Hood v. CIT Bank, NA,*
  No. 14-18-00496-CV, 2021 WL 629751 (Tex. App. Feb. 18, 2021).....19
*Hornbuckle v. Countrywide Home Loans, Inc.,*
  No. 02–09–00330–CV, 2011 WL 1901975 (Tex. App.—Fort

4930-6091-7886.2

Worth May 19, 2011, no pet.) ...................................................... 20

*In re Zenga*,
   562 B.R. 341 (B.A.P. 6th Cir. 2017) ........................................... 16

*King v. Deutsche Bank Nat'l Tr. Co.*, No. A-1,
   4-CV-740-LY-ML, 2016 WL 3200214 (W.D. Tex. Feb. 23, 2016) ......... 6

*Landmark Nat. Bank v. Kesler*,
   289 Kan. 528, 216 P.3d 158 (2009) ...................................... 26, 27

*LeMaire v. La. Dep't of Transp. & Dev.*,
   480 F.3d 383 (5th Cir. 2007) ............................................. 30, 33

*Martin v. New Century Mortg. Co.*,
   377 S.W.3d 79 (Tex. App. 2012) .............................................. 19

*Martins v. BAC Home Loans Servicing, L.P.*,
   722 F.3d 249 (5th Cir. 2013) ....................................... 15, 16, 22

*Morlock, L.L.C. v. Bank of N.Y.*,
   448 S.W.3d 514 (Tex. App.—Houston [1st Dist.] 2014) ............... 15, 22

*Morlock, L.L.C. v. Bank of N.Y.*,
   No. CV H-20-153, 2020 WL 2104639(S.D. Tex. May 1, 2020) ........... 15

*Morlock, L.L.C. v. JPMorgan Chase Bank, N.A.*,
   No. CIV.A. H-13-0734, 2013 WL 5781240 (S.D. Tex. Oct. 25,
   2013) ..................................................................... 25

*Morlock, L.L.C. v. JPMorgan Chase Bank, N.A.*,
   No. CIV.A. H-13-0734, 2013 WL 5781240 (S.D. Tex. Oct. 25,
   2013), aff'd (July 8, 2014) ................................................ 25

Perlaki v. J.B. Poindexter & Co.,
   No. 4:24-CV-01649, 2025 WL 754503 (S.D. Tex. Mar. 10, 2025) ....... 29

*PNC Mortg. v. Howard*,
   668 S.W.3d 644 (Tex. 2023) .............................................. 23, 31

*Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*,
   896 S.W.2d 156 (Tex. 1995) ................................................. 26

*Quinn v. Guerrero*,
   863 F.3d 353 (5th Cir. 2017) ............................................... 1

*Reinagel v. Deutsche Bank Nat'l Tr. Co.*,
   735 F.3d 220 (5th Cir. 2013) ............................................ 20, 22

*Robeson v. Mortg. Elec. Registration Sys., Inc.*,
   No. 02-10-00227-CV, 2012 WL 42965 (Tex. App. Jan. 5, 2012) ......... 19

*Rojas v. Wells Fargo Bank, N.A.*,
   571 F. App'x 274 (5th Cir.2014) ........................................ 15, 22

*Stephens v. LNV Corp.*,

4930-6091-7886.2

488 S.W.3d 366 (Tex. App. 2015) .............................................. 19, 30

*United States v. Walker,*
720 F.3d 705 (8th Cir. 2013) ....................................................... 16

*Weeks v. Bank of Am., N.A.,*
No. 02-13-00039-CV, 2014 WL 345633 (Tex. App.—Fort Worth
Jan. 30, 2014, no pet.) ................................................................. 6

*Whitney v. Alltel Com's, Inc.,*
173 S.W.3d 300 (Mo. Ct. App. 2005) ........................................ 24

*Wiley v. Deutsche Bank Nat. Tr. Co.,*
539 F. App'x 533 (5th Cir. 2013) ..................................... 15, 21, 22, 32

## STATUTES

12 U.S.C. § 2601 ........................................................................... 2
12 U.S.C. § 2605(k)(1)(C) ..................................................... 29, 30
12 U.S.C. § 2605(k)(1)(D) ............................................................ 30
28 U.S.C. § 1291 ............................................................................ 1
28 U.S.C. § 1331 ............................................................................ 1
28 U.S.C. § 1332 ............................................................................ 1
TEX. BUS. & COM. CODE § 3.203 .............................................. 21
TEX. PROP. CODE § 13.001 ................................................... 20, 21

## RULES

FED. R. CIV. PROC. 12(b)(6) ....................................................... 4

## JURISDICTIONAL STATEMENT

The Court has jurisdiction of this appeal from a final judgment. 28 U.S.C. § 1291. A final judgment of dismissal was rendered on October 3, 2025. ROA.204.[1] Appellant's notice of appeal was timely filed on October 3, 2025. ROA.205.

Appellees do not dispute Appellant's characterization of the District Court's jurisdiction under 28 U.S.C. § 1332 based on the diverse citizenship of the parties and the amount in controversy. Brief at 1. However, Appellees disagree with Appellant's contention that jurisdiction existed under 28 U.S.C. § 1331 because the Amended Complaint does not assert on its face any federal question. *See Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017) (for jurisdiction under 28 U.S.C. § 1331 the "federal question must appear on the face of his well-pleaded complaint."). Instead, the Amended Complaint asserts only state law causes of action for fraud, breach of contract, declaratory relief, and quiet title. ROA.97.[2]

---

[1] In the Brief, Appellant refers to his Record Excerpts as the "Record on Appeal" and abbreviates his record excerpts using the abbreviation "ROA". In compliance with Rule 28.2.2, Appellees will cite to the Record on Appeal prepared by the District Court using the abbreviation "ROA." followed by the page number, as numerated by the District Court. To avoid confusion, Appellees do not cite to Appellant's Record Excerpts.

[2] While the initial Complaint asserted a claim under the Real Estate Settlement

4930-6091-7886.2

**CONCISE STATEMENT OF THE CASE, RELEVANT FACTS, PROCEDURAL HISTORY, AND RULINGS PRESENTED FOR REVIEW**

In the Amended Complaint, Appellant seeks money damages from his mortgage loan servicer and investor, along with declaratory judgment and an order quieting title. ROA.96-98. According to Appellant, the mortgage loan has "a 'split-the-note' problem." ROA.13, 97. The District Court correctly observed that this Court's published opinions reject the split-the-note theory as legally invalid. ROA.188-199. The District Court therefore dismissed the Amended Complaint, with prejudice, for this and other reasons. *Id.*; ROA 203-204.

Appellant now rejects the split-the-note label, even though he previously used it to describe his own arguments. Brief at 5. Regardless, Appellant's legal theories remain comprised of the same constituent arguments. Specifically, Appellant claims that a note and deed of trust were not effectively transferred for various supposed reasons, and leaps to the conclusion that the note and deed of trust are therefore invalid and a cloud that should be removed from title. This Court and others have held that such allegations do not state a claim for money damages,

---

Procedures Act ("RESPA"), 12 U.S.C. 2601, et seq., ROA.8, that claim was dropped from the Amended Complaint that was the subject of the District Court's final judgment of dismissal. ROA.96-98.

2

declaratory judgment, or quiet title. The Brief submitted by Appellant purports to cite contrary case law, but many of Appellant's citations do not appear to reference genuine case law, and instead bear the hallmark of artificial intelligence hallucination.[3]

The District Court correctly held that there are also other problems with the Amended Complaint, separate and aside from the split-the-note theory. ROA.193-199. For example, the District Court correctly held that Appellant failed to state a claim for fraud because he failed to plausibly allege a false statement of material fact or that Appellees knew or had reason to know of the falsity of any such statement. ROA.194. Furthermore, the District Court correctly observed that while the Amended Complaint asserts a breach of contract, neither the note nor the deed of trust contains the notice requirement Appellant claims was

---

[3] *See* Chief Justice John G. Roberts Jr., *2023 Year-End Report on the Federal Judiciary* (2023) URL: https://www.supremecourt.gov/publicinfo/year-end/2023year-endreport.pdf (including comments by the Chief Justice about shortcomings in the use of artificial intelligence in legal drafting, including the phenomenon of artificial intelligence case cite "hallucination" where artificial intelligence models invent case citations to non-existent legal opinions and advance unsupported legal theories); Mark J. Fucile, *Fessing Up: The Duty to Correct Inaccurate Legal Citations*, Washington State Bar News (September 11, 2025) URL: https://wabarnews.org/2025/09/11/fessing-up-the-duty-to-correct-inaccurate-legal-citations/ (providing examples of alleged case cite hallucinations that have made their way into litigant's court submissions, variously resulting in judicial admonitions, legal sanctions, bar discipline, and/or employment termination).

breached. ROA.97 ¶ 14. Finally, Appellant's damages are supposedly his loan payments, which he is contractually obligated to make, and feelings of uncertainty, neither of which constitute recoverable damages. *Id.* ¶¶ 13, 16.

The defects in the Amended Complaint arise from the lack of legal foundation for any of Appellant's legal theories, which cannot be cured by amendment. Indeed, the amendment proposed by Appellant in the District Court would merely have attached additional exhibits, and would have likewise failed to state a claim. ROA.201. Therefore, dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) was proper and the judgment of the District Court should be affirmed.

**The Allegations of the Amended Complaint**

1. On June 3, 2024, Appellant obtained a mortgage loan from SWBC Mortgage Corporation, as evidenced by a promissory note ("Note") secured by a deed of trust recorded in Montgomery County, Texas ("Note"). ROA.96 at ¶ 4. Together, the Note and Deed of Trust are referred to herein as the "Loan Documents".

4

2.     The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for SWBC and its successors and assigns. ROA.96 at ¶ 5.

3.     Appellant alleges the loan was transferred or securitized into a Freddie Mac trust. ROA.6 at ¶ 6.

4.     Appellant also alleges that, in response to a debt validation request, SWBC indicated that Freddie Mac is the owner of the debt. ROA.6 at ¶ 7.

5.     According to the Amended Complaint, there is no recorded assignment transferring the Deed of Trust to Freddie Mac. ROA.96 at ¶¶ 6-7.

6.     Appellant alleges that he relied on the representation by SWBC that Freddie Mac was the owner when making payments and suffered uncertainty and impairment of title. ROA.96-97 at ¶ 9.

7.     The Amended Complaint references, but does not attach Exhibits A and B, which were attached to the Original Complaint. *Compare* ROA.97 (unnumbered paragraph) *with* ROA.12-67.

8.     Exhibit A is Appellant's affidavit, in which he avers that the involvement of MERS as beneficiary of the Deed of Trust when MERS

4930-6091-7886.2

did not hold the Note "create[d] a fatal separation of the note and deed of trust—a defect often referred to as a 'split-the-note' problem." ROA.13. Appellant also avers that MERS has not assigned the deed of trust to Freddie Mac and, therefore, there is a break in the chain of title. *Id.* Appellant's affidavit concludes that "Freddie Mac's claimed ownership is unperfected" and on this basis seeks to clear a cloud on title. *Id.*

9.    Exhibit B is an affidavit from Joseph R. Esquivel, Jr. ("Mr. Esquivel"), wherein he testifies that there is no evidence that the Note and Deed of Trust were transferred together. ROA.21 at ¶ 33.

10.    Mr. Esquivel is a Texas private investigator and prominent proponent of the split-the-note theory whose reports and testimony have been heavily criticized in other cases for advancing erroneous theories.[4]

---

[4] Mr. Esquivel's affidavits have been rejected and/or excluded by dozens of federal courts for, among other things, failure to provide foundation for his legal testimony and for asserting meritless theories (including split-the-note) even when they are contrary to binding case law. *See, e.g., Weeks v. Bank of Am., N.A.*, No. 02-13-00039-CV, 2014 WL 345633, at *3 (Tex. App.—Fort Worth Jan. 30, 2014, no pet.)("most of the statements in [Esquivel's] affidavit are legal conclusions to which he did not show competence to testify" and are misstatements of the law regarding the split-the-note theory); *King v. Deutsche Bank Nat'l Tr. Co.*, No. A-14-CV-740-LY-ML, 2016 WL 3200214, at *5–6 (W.D. Tex. Feb. 23, 2016), *report and recommendation adopted in part, rejected in part,* No. 1:14-CV-0740-LY, 2016 WL 3221172 (W.D. Tex. Apr. 12, 2016) (excluding Esquivel's testimony as nothing more than legal conclusions about the meaning of real property documents, all of which "represent incorrect legal conclusions under binding Fifth Circuit precedent" regarding the split-the-note theory); *Bisi v. Chase Bank, NA*, No. 2:23-CV-02180-DJC-SCR, 2025 WL 1433570, at *1, note 2 (E.D. Cal. May 19, 2025), *report and recommendation adopted,* No. 2:23-

6

**Procedural History.**

1.      On June 17, 2025, Appellant filed suit against Appellees in the United States District Court for the Southern District of Texas. ROA.6.

2.      The original Complaint contained four counts, sounding in fraud, breach of contract, the Real Estate Settlement Procedures Act ("RESPA"), and declaratory judgment/quiet title. ROA.7-8.

3.      Appellant filed the Amended Complaint on July 17, 2025. ROA.96.

4.      The Amended Complaint contains three counts, sounding in fraud, breach of contract, and for declaratory relief/quiet title. ROA.96-98.

5.      On July 13, 2025, Appellees moved to dismiss the Amended Complaint. ROA.100-118.

6.      The Motion to Dismiss asserted that the claims in the Amended Complaint are premised on the meritless split-the-note theory

---

CV-2180-DJC-SCR, 2025 WL 1755661 (E.D. Cal. June 25, 2025) (in dismissing with prejudice a complaint that attached Mr. Esquivel's affidavit noting, "[t]he Federal Trade Commission describes so-called 'forensic loan audits' as a technique used by fraudulent foreclosure 'rescue' professionals who use half-truths and outright lies to sell services that promise relief to homeowners in distress").

4930-6091-7886.2

(ROA.109), that Appellant failed to plausibly alleged damages (ROA.110), that the contracts at issue do not contain the notice provision described in the Amended Complaint as having been breached (ROA.112), that Appellant failed to state a claim for quiet title (ROA.113) or declaratory judgment (ROA.115) and that dismissal with prejudice was warranted (ROA.116).

7.     Appellant submitted his response to the Motion to Dismiss on August 1, 2025. ROA.126.

8.     Appellant's Response to the Motion to Dismiss is comprised of several documents, including a copy of the Note (ROA.131), a letter from SWBC to Appellant dated April 17, 2025 (ROA.135), arguments prepared by Mr. Esquivel (ROA.136), and an "analysis of Trust Information Document" of unspecified authorship (ROA.145) together with a written statement from Appellant himself (ROA.147).

9.     At times, the Response contradicts the Amended Complaint's assertion that Freddie Mac is not the owner of the Loan Documents. ROA.136 (claiming "it is clear that SWBC Mortgage Corporation sold all ownership interest in the Singletary Intangible Obligation (the debt) to Freddie Mac shortly after the June 03, 2024 signing.").

10.    Furthermore, the Response repeatedly invokes the discredited split-the-note theory. *See e.g.* ROA.136 (arguing "the transfer of beneficial interest in the Singletary Deed of Trust by SWBC Mortgage Corporation might be accomplished, but that beneficial interest is no longer attached to the rights to the Singletary Intangible Obligation (the debt)"); ROA.144. (asserting that the Loan Documents are invalid because the Note was "stripped away" or "separated from" the Deed of Trust); ROA.147 (arguing the Deed of Trust has a "defect often referred to as a 'split-the-note' problem.").

11.    On August 15, 2025, Appellees submitted their reply to the Response to the Motion to Dismiss. ROA.157.

12.    Appellant sought leave to submit a sur-reply on August 16, 2025. ROA.164. Appellees opposed Appellant's request for leave to file a sur-reply in the District Court. ROA.172.

13.    On September 5, 2025, the Magistrate Judge denied Appellant's motion for leave to file a sur-reply with respect to the Motion to Dismiss. ROA.184.

4930-6091-7886.2

**District Court's Order Under Appeal.**

14.    On September 24, 2025, the Magistrate Judge entered a Memorandum and Recommendation recommending the Motion to Dismiss be granted and the Amended Complaint be dismissed, with prejudice. ROA.188.

15.    The Magistrate Judge correctly found that all of Appellant's counts were premised on legally invalid arguments like the split-the-note theory (ROA.192), that Appellant had failed to plead facts that plausibly allege a knowing false statement of material fact necessary to state a claim for fraud (ROA.193), Appellant did not plausibly allege the Deed of Trust was a cloud on title (ROA.195) or that Appellant was entitled to declaratory judgment (ROA.197), that the exhibits incorporated by reference into the Amended Complaint demonstrated the Note and Deed of Trust did not contain the notice requirement at issue in the breach of contract count (ROA.196), and that Appellant had failed to plausibly allege damages (*Id.*).

16.    The Magistrate Judge concluded that amendment of these claims would be futile and that the Amended Complaint should be dismissed with prejudice. ROA.198.

4930-6091-7886.2

17. Notably, the Magistrate Judge left open the possibility of reconsidering whether the dismissal should be with, or without prejudice, if Appellant submitted an objection that showed amendment would not be futile.

18. The Appellant objected to the Memorandum and Recommendation. ROA.200. In his objection, Appellant argued an amended pleading would not be futile if it attached additional exhibits, like a MERS printout, an Affidavit from Mr. Esquivel, and letter from SWBC to Appellant dated April 17, 2025 that identified Freddie Mac as the owner of the Loan Documents. ROA.201.

19. On October 3, 2025, the District Court entered an order adopting the Magistrate Judge's Memorandum and Recommendation, granting the Motion to Dismiss (ROA.203) and entered a final judgment dismissing the Amended Complaint with prejudice (ROA.204).

20. This appeal of the District Court's dismissal of the Amended Complaint timely followed. ROA.205.

21. After the appeal was commenced, Appellant filed additional exhibits, including some documents not previously submitted to the District Court (R. 211), including a copy of SWBC's letter to Appellant

dated April 17, 2025 and a MERS Milestones report reflecting an active MIN status and describing the investor as Freddie Mac. ROA.217-220.

## SUMMARY OF THE ARGUMENT

Appellant has not pleaded any facts that would entitle Appellant to any form of relief from Appellees. The Amended Complaint alleges that there is no recorded assignment of the Loan Documents to Freddie Mac or an active MERS registration. ROA.96 ¶¶ 5-8. Appellant then leaps to the conclusion that the absence of such things means that the Loan Documents are invalid, that Freddie Mac is not the owner, and that the Deed of Trust is a cloud on title. ROA.96 ¶¶ 10-13, 17-20. To bridge the chasm between his factual allegations and the relief he seeks, Appellant advanced the split-the-note theory to the District Court. ROA.13, 97 (arguing the mortgage loan has "a 'split-the-note' problem.") As the District Court correctly held, the split-the-note theory is not a legally valid means to bridge that gap. ROA.192.

Now, Appellant disavows the split-the-note label. Brief at 5. Regardless of the label Appellant desires for his argument, the Amended Complaint still pleads the same facts and still erroneously asserts that those facts have the same outsized legal implications, when the law

12

plainly says otherwise. Likewise, the District Court was correct to find that Appellant has failed to plausibly allege a knowing false statement sufficient to state a claim for fraud, that any contract has been breached, or that Appellant suffered any actual damages. ROA.193-199.

Appellant raises certain arguments on appeal that were not preserved below. For example, the Brief argues for the first time that a different result is required based on public policy considerations, RESPA, or the 7th Amendment to the Constitution. Since these arguments were not properly preserved below, they cannot be argued for the first time on appeal. However, even if these arguments had been preserved below, they also lack substantive merit.

The District Court was correct to hold that amendment would be futile. In his Objection to the Memorandum and Recommendations, Appellant proposed amending his pleading by adding exhibits, none of which would address any of the deficiencies in his claim. Indeed, no amount of amendment can resolve the underlying issues with Appellant's claims, and dismissal with prejudice was therefore appropriate. As such, the District Court's final judgment of dismissal should be affirmed.

13

## ARGUMENT

### I.     THE DISTRICT COURT DID NOT MISCHARACTERIZE APPELLANT'S CLAIMS.

The District Court did not err in determining that, "to the extent Plaintiff's fraud and quiet title claims depend on the split-the-note theory, they fail as a matter of law." In the Brief, Appellant concedes that the split-the-note theory is "discredited" but is adamant that his claims do not rely on the theory. Brief at 7. That is contrary to the Amended Complaint and the Opposition to the Motion to Dismiss, which both expressly relied on the split-the-note theory. ROA.13, 97 (asserting the Deed of Trust has "a 'split-the-note' problem."); ROA.136 (arguing "the transfer of beneficial interest in the Singletary Deed of Trust by SWBC Mortgage Corporation might be accomplished, but that beneficial interest is no longer attached to the rights to the Singletary Intangible Obligation (the debt)"); ROA.144. (asserting that the Deed of Trust is invalid because the Note was "stripped away" or "separated from" the Deed of Trust); ROA.147 (arguing the Deed of Trust has a "defect often referred to as a 'split-the-note' problem."). Appellant's attempt to recast his argument as something else entirely thus comes too late.

This Court and appellate courts in Texas have repeatedly rejected

the split-the-note theory as legally unfounded under applicable law. *See e.g. Wiley v. Deutsche Bank Nat. Tr. Co.,* 539 F. App'x 533, 535–36 (5th Cir. 2013); *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013); *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir.2014); *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir.2013); *Morlock, L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 518 (Tex. App.—Houston [1st Dist.] 2014) (pet. denied), *report and recommendation adopted,* No. CV H-20-153, 2020 WL 2104639 (S.D. Tex. May 1, 2020).

While Appellant disclaims the split-the-note label, he continues to parrot arguments characteristic of that debunked theory in the Brief. For example, Appellant cites to *Carpenter v. Longan,* 83 U.S. 271 (1873) for the proposition Note and Deed of Trust are "inseparable" and that without an endorsement of the Note or recorded assignment, the Loan Documents are not enforceable, and Freddie Mac cannot claim to be the owner. Brief at 9. This thinly-veiled split-the-note argument has already been rejected by this Court. *See e.g. Wiley*, 539 F. App'x at 536 ("Texas courts have rejected the argument that a note and its security are inseparable by recognizing that the note and the deed-of-trust lien afford

15

distinct remedies on separate obligations.") (quotations and citation omitted). Furthermore, this Court has already rejected efforts by litigants to apply the holding in *Carpenter* to Texas law, explaining that "the Court [in *Carpenter*] was addressing Colorado Territorial law and federal common law. Neither controls our interpretation of Texas law." *Martins,* 722 F.3d at 254. Thus, Appellant's reliance on the *Carpenter* opinion does not provide grounds to reverse the District Court.

The Brief also purports to cite several other legal opinions on this subject, but they appear to be the hallucinations of artificial intelligence.[5] For example, the Brief contains a citation that reads: "Villareal v. Bank of Am., 720 F.3d 705 (5th Cir. 2013)." On information and belief, it does not appear that Fifth Circuit has ever published an opinion in any case called Villareal v. Bank of America. Appellant's citation instead points to *United States v. Walker*, 720 F.3d 705 (8th Cir. 2013), an appeal of a conviction and sentencing for felon in possession of a firearm, which is not relevant. The Brief also contains a citation that reads: "In re Pinnock, 562 B.R. 350 (Bankr. S.D.N.Y. 2018)." That citation points to *In re Zenga*, 562 B.R. 341, 350 (B.A.P. 6th Cir. 2017), an opinion involving the

---

[5] *See* Footnote 3, *supra.*

16

requisite number of creditors for an involuntary petition of bankruptcy, which likewise has no relevance to this case. Thus, Appellant has failed to cite any genuine legal authority that would merit reversal of the District Court, and this Court should affirm.

## II.     APPELLANT HAS NOT PLAUSIBLY ALLEGED THAT HE IS ENTITLED TO DECLARATORY JUDGMENT OR QUIET TITLE.

The District Court correctly found that the Amended Complaint fails to state a claim for any of equitable relief sought by Appellant. ROA.188-199. The Amended Complaint seeks a declaration that Appellees have "no enforceable interest" in the Loan Documents, that the Deed of Trust is "void due to unrecorded or improper assignment" and seeks an order quieting title. ROA.97. The Brief incorrectly argues that the Amended Complaint states a claim for such relief because:

- "[T]he Note is payable to SWBC and remains unendorsed;" Brief at 7.[6]

- "[T]he Deed of Trust designates MERS 'solely as nominee for Lender and Lender's successors and assigns' as beneficiary,

---

[6] The absence of an endorsement does not appear to be one of the facts asserted as grounds for relief in the Amended Complaint, even though it features prominently in Appellant's Brief. ROA.96-97.

17

not Freddie Mac;'" *Id.*

- "[N]o assignment from MERS or SWBC to Freddie Mac is recorded in the county property records;" Brief at 8.

- "SWBC's statements about MERS 'active' status conflict with the actual MERS ServicerID data." *Id.*

As set forth in greater detail below, none of these allegations plausibly allege entitlement to the equitable relief sought by Appellant.

First, SWBC is the original lender to which the Loan Documents are payable on their face. ROA.24, 97. Thus, the alleged absence of a recorded assignment, endorsement, or active MERS status has no bearing on whether SWBC has an enforceable interest in the Loan Documents, nor would such facts suggest that the District Court should quiet title of the Deed of Trust.

Second, Appellant alleges that the alleged absence of a recorded assignment, endorsement or active MERS status means that Freddie Mac is not the "owner" of the Loan Documents. ROA.96 ¶ 7. However, none of the facts alleged in the Amended Complaint support that claim either.

For example, Texas law does not require the "owner" of the Loan

Documents to be the holder of the Note, or to derive its rights from an endorsement of the Note. *See e.g. Hood v. CIT Bank, NA,* No. 14-18-00496-CV, 2021 WL 629751, at \*4 (Tex. App. Feb. 18, 2021) ("Nor does the fact that CIT Bank has identified another entity as the owner of the note prevent the conclusion that CIT Bank is the holder of the note."); *Martin v. New Century Mortg. Co.,* 377 S.W.3d 79, 84 (Tex. App. 2012) (holding "[a]n owner may transfer a note without indorsement."). Thus, even if the Note were not endorsed, it does not follow that such an allegation plausibly alleges Freddie Mac is not the owner.

The supposed absence of a recorded assignment also does not plausibly suggest that Freddie Mac is not the owner. Under Texas law, Freddie Mac can receive an interest in a loan, like ownership, without anything being recorded. *See e.g. Stephens v. LNV Corp.,* 488 S.W.3d 366, 377 (Tex. App. 2015) (permitting foreclosure based on unrecorded transfer of deed of trust because "[r]ecording is not strictly necessary" under Texas law); *Robeson v. Mortg. Elec. Registration Sys., Inc.,* No. 02-10-00227-CV, 2012 WL 42965, at \*5 (Tex. App. Jan. 5, 2012) (observing that the absence of recorded assignment does not mean that an interest in the loan has not been transferred by other unrecorded means);

19

*Hornbuckle v. Countrywide Home Loans, Inc.*, No. 02–09–00330–CV, 2011 WL 1901975, at *4 (Tex. App.—Fort Worth May 19, 2011, no pet.) (mem. op.) (holding that an assignment of deed of trust from MERS to the lender dated effective two years after the actual date of transfer of ownership of the loan did not raise a fact issue as to whether the assignment was "fabricated.").

Appellant relies on Texas Property Code § 13.001, which he claims renders unrecorded assignments void. That is incorrect. "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments." *Calvino v. Conseco Fin. Servicing Corp.*, No. A-12-CA-577, 2013 WL 4677742, at *3 (W.D. Tex. Aug. 30, 2013) (collecting cases rejecting the argument that an unrecorded instrument is void under § 13.001). Moreover, Section 13.001 "protects only subsequent purchasers for value and without notice." *Reinagel*, 735 F.3d at 227. The Amended Complaint does not allege that Appellant is a subsequent purchaser for value without notice. Thus, the District Court was correct to dismiss the Amended Complaint for failure to state a claim. *See e.g. Burghardt v. Bank of Am., N.A.,* No. 3:25-CV-00145, 2025 WL 3201637, at *4 (S.D. Tex.

20

Nov. 5, 2025) (dismissing similar claims and rejecting the same misinterpretation of Section 13.001 espoused in the Brief).

Appellant's allegations about MERS also do not plausibly allege that Freddie Mac is not the owner. *See Wiley*, 539 F. App'x at 536 (explaining the role of MERS and that rights under a note and deed of trust are separate and can have different beneficiaries or holders); TEX. BUS. & COM. CODE § 3.203 cmt 1 ("The right to enforce an instrument and ownership of the instrument are two different concepts."). Indeed, Appellant merely alleges that the Mortgage Identification Number for the Loan Documents is listed as "inactive." ROA.96. Notably, Appellant does not allege that MERS claims anyone other than Freddie Mac owns the Loan Documents.[7] Thus, Appellant's allegations about MERS do not spare the Amended Complaint from dismissal.

Indeed, even Appellant's own submissions in the Response to the Motion to Dismiss assert that "it is clear that SWBC Mortgage Corporation sold all ownership interest in the Singletary Intangible

---

[7] To the contrary, after the District Court dismissed the Amended Complaint, Appellant filed "Supplemental Exhibits" containing MERS Milestones that describe Freddie Mac as the investor. ROA.218-220. While this submission from Appellant came too late for the District Court to consider, and is therefore not a proper part of the appellate Record, even if it had been timely submitted, it would only further illustrate the futility of amendment.

21

Obligation (the debt) to Freddie Mac shortly after the June 03, 2024 signing." ROA.136. As set forth above, such facts would suggest that Freddie Mac is the owner. Furthermore, even if the Appellant somehow plausibly alleged that Freddie Mac is not the owner, or some other perceived defect in a transfer of the Loan Documents, that would not plausibly allege that the Appellant is entitled to declaratory judgment or an order quieting title. *See e.g. Wiley,* 539 F. App'x at 535–36; *Martins*, 722 F.3d at 255; *Rojas*, 571 F. App'x 274, 278 (5th Cir.2014); *Farkas*, 737 F.3d at 342; *Morlock*, 448 S.W.3d at 518.

Appellant's Brief relies on this Court's opinion in *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220 (5th Cir. 2013) but nothing in the *Reinagel* decision supports reversal of the District Court. In *Reinagel*, Deutsche Bank National Trust company sought to foreclose, and claimed that its right to foreclose stemmed from an assignment. *Id.* The homeowner brought an action to enjoin foreclosure, and this Court held on appeal that a borrower can challenge the validity of the assignment upon which a foreclosing entity claims to derive standing to foreclose. *Id.* at 225. However, Appellant misconstrues the potential shield from foreclosure described in the opinion in *Reinagel*, for a sword that can be

used to invalidate mortgage loans and remove them from title. In this case, Appellees are not alleged to have attempted a foreclosure, or to have asserted any rights by virtue of an assignment. Furthermore, the *Reinagel* opinion does not hold that the absence of an endorsed note, recorded assignment, or entry from MERS entitles a litigant to a declaration that a loan is invalid, or to quiet title of a deed of trust.

Appellant also relies on the opinion in *PNC Mortg. v. Howard*, 668 S.W.3d 644 (Tex. 2023) but, contrary to Appellant's mischaracterization, the opinion does not speak to "recording" or "constitutional and statutory transfer requirements" at all. *Id.* Instead, the *Howard* opinion is a statute of limitations opinion that examines equitable subrogation theories that have no relevance to this case. *Id.* at 645-650.

The Brief also contains a citation that reads, "Kain v. Wells Fargo Bank, N.A., 69 F.4th 1329, 1334–35 (5th Cir. 2023)." On information and belief, it does not appear that the 5th Circuit has ever issued a published opinion in any case by the name Kain v. Wells Fargo Bank, N.A. This citation also appears to be the product of artificial intelligence hallucination.[8] The citation actually points to *Consumer Fin. Prot.*

---

[8] *See* Footnote 3, *supra*.

23

*Bureau v. Brown*, 69 F.4th 1321 (11th Cir. 2023), an opinion reviewing discovery sanctions imposed on the Bureau while prosecuting 18 telephonic debt collectors, and has no relevance to this case. The Brief also cites to "Zepeda, 935 F.3d at 302." However, that citation points to *Baughman v. Hickman*, 935 F.3d 302 (5th Cir. 2019), a case involving a § 1983 action that has no bearing on the case. The Brief also contains a citation to "Leavings v. Mills, 175 S.W.3d 301 (Tex. App.—Houston [1st Dist.] 2004)." That citation actually points to *Whitney v. Alltel Com's, Inc.*, 173 S.W.3d 300 (Mo. Ct. App. 2005), a Missouri trial court order compelling arbitration of claims brought against a wireless telephone carrier. Yet again, Appellant's supposed authority for his arguments appears to be nothing more than smoke and mirrors.

## III. APPELLANT'S ALLEGATIONS ARE NOT SUFFICIENT TO PLAUSIBLY STATE CLAIM FOR FRAUD.

The District Court correctly dismissed Appellant's fraud claim. "To plead fraud adequately, the plaintiff must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002) (quotation marks omitted). The Memorandum and Recommendation

24

correctly found that the Amended Complaint relied on the discredited split-the-note theory as the basis for its allegations that statements by Appellees were false. ROA.193. Alleging the absence of a recorded assignment or active status in MERS is not enough to state a claim for fraud under Texas law. *See Gibbs v. Ocwen Loan Servicing, LLC*, No. 3:14-CV-1153-M, 2014 WL 4414809, at \*6–7 (N.D. Tex. Sept. 5, 2014); *Morlock, L.L.C. v. JPMorgan Chase Bank, N.A.,* No. CIV.A. H-13-0734, 2013 WL 5781240, at \*11 (S.D. Tex. Oct. 25, 2013), aff'd (July 8, 2014).

Furthermore, the Brief argues that SWBC represented the "loan remains active on the MERS system" but that is not a statement alleged in the Amended Complaint, or something that was stated by SWBC in the February 6, 2025 letter, ROA.135, or the April 17, 2025 letter. ROA.217. Instead, the letters assert the loan is "registered with MERS", a fact Appellant does not dispute, even if he contends such registration is now inactive. *Id.* Thus, Appellant's claim for fraud fails on the grounds that it failed to identity a false statement.

The District Court also correctly held that Appellant failed to plausibly alleged that SWBC knew of any alleged falsity of any statements it made about Freddie Mac. ROA.194. "A statement is not

25

fraudulent unless the maker knew it was false when he made it or made it recklessly without knowledge of the truth." *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 163 (Tex. 1995). Even if Freddie Mac was not the owner of the Loan Documents, or a registration with MERS was inactive, there are no facts alleged in the Amended Complaint that would plausibly suggest that was known to Appellees. Indeed, in the documents submitted by Appellant after the case was dismissed, SWBC supplied a MERS report that shows that loan active with MERS and lists Freddie Mac as the investor. ROA.218-219.

Appellant also did not plausibly allege reliance on any false statement. Based on the allegations in the Amended Complaint, Appellant is contractually obligation to make mortgage payments, irrespective of whether his loan is active in MERS or not. ROA.96 ¶ 4.

In the Brief, Appellant relies on *Landmark Nat. Bank v. Kesler*, 289 Kan. 528, 540, 216 P.3d 158, 167 (2009) as support for his fraud claim. However, this opinion examines the law of Kansas, not Texas, and sheds no new light on any new legal issue the 5th Circuit has not already adjudicated with respect to the law of Texas. Furthermore, at least one federal circuit court has already rejected efforts by litigants to

26

misconstrue the *Landmark* opinion as support for the relief Appellant seeks, and rejected fraud claims indistinguishable from those advanced by Appellant. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011) (affirming dismissal with prejudice of claims indistinguishable from those advanced by Appellant and holding that the *Landmark* decision did not provide grounds to avoid dismissal or merit leave to amend).

Nor has Appellant plausibly alleged damages as part of his fraud claim. The damages alleged in the Amended Complaint are (1) loan payments made by Appellant and (2) "uncertainty clouding title." ROA.97 ¶ 13. Appellant's compliance with pre-existing contractual obligations (to make loan payments) is not a "damage" he sustained for purposes of a fraud claim. Nor is uncertainty as to the truth of SWBC's statements an item of recoverable damages. Failure to plausibly allege damages provides yet another independent basis to affirm the District Court's ruling. Therefore, the District Court was correct to dismiss Appellant's fraud claim.

## IV.  THE AMENDED COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF CONTRACT.

While Appellant claims breach of contract, the District Court is correct that neither the Note nor the Deed of Trust contain the notice requirement that the Amended Complaint claims was breached. ROA.196 (discussing the terms of the Note and Mortgage, granting dismissal). Specifically, Appellant asserts that Section 20 of the Deed of Trust was breached by failing to notify him of the alleged transfer or securitization of the Note. ROA.97 ¶ 14 (Amended Complaint). However, Section 20 does not require notice when the Note is securitized. ROA.37. Instead, Section 22 of the Deed of Trust requires notice to the borrower in the event of a servicing transfer. ROA.38. However, Appellant does not allege that the servicing of his loan has been transferred by SWBC, so Appellant has not plausibly alleged a notice of servicing transfer was required. ROA.96-89.

Likewise, the District Court was correct to hold that Appellant had not plausibly alleged any damages from the supposed breach of contract. ROA.197. Appellant's alleged damages are his loan payments, which he is contractually obligated to make, and feelings of uncertainty—neither of which constitute recoverable damages. ROA.97 ¶¶ 13, 16. Indeed,

28

Appellant's mental anguish is not a form of recoverable damages in any breach of contract claim. See Colbert v. Wells Fargo Bank, N.A., 850 F. App'x 870, 876 (5th Cir. 2021); Delgado v. Methodist Hosp., 936 S.W.2d 479, 484 (Tex. App.—Houston [14th Dist.] 1996) (no writ) (A "breach of contract claim is barred as a matter of law [where] the damages pleaded . . . are only for mental anguish which are not recoverable in a breach of contract case."); Perlaki v. J.B. Poindexter & Co., No. 4:24-CV-01649, 2025 WL 754503, at *7 (S.D. Tex. Mar. 10, 2025) (collecting Texas and 5th Circuit cases). Therefore, the District Court did not err in dismissing Appellant's breach of contract claim.

## V. NEITHER PUBLIC POLICY NOR FEDERAL STATUTES MERIT REVERSAL OF THE DISTRICT COURT.

Appellant is incorrect that matters of public policy or federal law commanded a different result below. For example, Appellant invokes a provision of RESPA, 12 U.S.C. 2605(k)(1)(C) and asserts that it "requires servicers to provide accurate information." Brief at 15. However, the Amended Complaint dropped Appellant's RESPA claim, so this argument does not demonstrate that the Amended Complaint stated a claim for relief. ROA.96. Furthermore, this argument was not presented to the District Court below and cannot be raised for the first time on appeal. *See*

29

*LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal.").

Even if Appellant had preserved this argument about RESPA, it lacks merit. Section 2605(k)(1)(C) provides that a mortgage servicer shall not "fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties[.]" This provision has no relevance to the facts alleged by Appellant. Appellant did not allege that he made a request to SWBC under Section 2605(k)(1)(D) or plead facts that would plausibly suggest a violation of same.

Next, Appellant argues that enforcing an unrecorded transfer of a Deed of Trust necessarily undermines public policy. Brief at 15. However, this argument is contrary to Texas law. *See Stephens*, 488 S.W.3d at 377 (permitting foreclosure based on unrecorded transfer of deed of trust because "[r]ecording is not strictly necessary" under Texas law). Furthermore, Appellant conveniently ignores the compelling public policy against unjust enrichment that would be offended if Appellant is

permitted to avoid his debt under the Note or to quiet title of the Deed of Trust without repaying the loan, particularly if such enrichment were based on whether an alleged transfer to which he is not a party was technically documented. ROA.96 ¶ 4 (acknowledging that Appellant did in fact obtain the mortgage loan evidenced by the Loan Documents).

The Brief relies on the opinion in *Howard* as supposed support for the proposition that "mortgage enforcement must rest on demonstrable, recorded chains of title" but the opinion in *Howard* says nothing of the sort. Brief at 16 (citing to the portion at 668 S.W.3d at 644-650). As previously discussed, the opinion in *Howard* is a statute of limitations opinion that examines equitable subrogation theories and has no relevance to this case. 668 S.W.3d at 644-650. In fact, the opinion in *Howard* contradicts Appellant's argument because it holds that unrecorded interests (such as those acquired through facts giving rise to equitable subrogation) can be valid and enforceable under Texas law. *Id.*

## VI. THE DISTRICT COURT WAS CORRECT TO DISMISS WITH PREJUDICE AND DID NOT OFFEND CONSTITUTIONAL PRINCIPLES.

The District Court did not err by dismissing the case with prejudice. Dismissal with prejudice under Rule 12(b)(6) is appropriate if

amendment is futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002) (noting that leave to amend is not appropriate where the complaint's "defects are incurable"). The District Court was correct to hold that no amount of amendment will cure the defects in Appellant's claims. Appellant's legal theory, that a failure to transfer the Loan Documents entitles him to money damages, a declaration the Loan Documents are unenforceable, or to quiet title, is not legally recognized under Texas law. *See Wiley,* 539 F. App'x at 535–36. Even if amended, Appellant's claims would still have no merit. *See e.g. Gibbs*, 2014 WL 4414809 at \*6–7 (discussing the futility of attempting to amend such claims).

Appellant described his proposed amendment in his Objection to the Memorandum and Recommendation, arguing that additional exhibits could cure the defects in the Amended Complaint. ROA.201. Those exhibits simply sought to provide more evidence in support of the Appellant's factual allegations, which the District Court had already accepted as true. *Id.* Even if Appellant had been permitted further amendment to include additional exhibits, none of this additional

material would plausibly suggest that Appellant is entitled to affirmative relief under any cognizable legal theory.

Appellant contends that the Trial Court did not accept his allegations of fact as true. Brief at 15. However, the Record is devoid of any support for that assertion about the District Court. In the Memorandum and Recommendation, the Magistrate Judge expressly acknowledged accepting Appellant's factual allegations to be true. ROA.191. The District Court merely rejected Appellant's legal conclusions. ROA.188-199. However, Appellant's legal conclusions are not entitled to a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Therefore, the District Court did not depart from the proper scope of analysis for a motion to dismiss.

In the Brief, Appellant also contends that dismissal offends his Constitutional right to a jury trial under the Seventh Amendment. Brief at 14. This argument was not raised below and cannot be raised for the first time on appeal. *See LeMaire*, 480 F.3d at 387. Regardless, when a litigant cannot state a claim for which relief can be granted, dismissal

33

with prejudice under Rule 12(b)(6) does not offend the Seventh Amendment right to a jury trial. *See Anderson v. L. Firm of Shorty, Dooley & Hall*, 393 F. App'x 214, 218 (5th Cir. 2010) (affirming dismissal and rejecting the argument that dismissal offends the Seventh Amendment right to a jury trial, "[b]ecause a jury, as a trier of fact, has no role with respect to dismissals for failure to state a claim . . . ."). Therefore, the District Court was correct to dismiss the Amended Complaint with prejudice.

## CONCLUSION

Appellant has not demonstrated any error below. Appellant's argument that the absence of a recorded assignment, note endorsement, or active MERS registration means that he is entitled to money damages, a declaratory judgment, or order quieting title finds no support in Texas or federal law. Nor has Appellant plausibly alleged that Appellees committed fraud by identifying Freddie Mac as the owner of the Loan Documents. Appellant's claims for breach of contract also fail to plausibly allege Appellees breached the Loan Documents. Nor has Appellant plausibly alleged damages. Neither amendment, additional exhibits, public policy concerns, nor citation to additional federal law not relied

34

upon below are sufficient to avoid the inescapable conclusion that Appellant has not, and indeed cannot, state a claim for which relief can be granted. Therefore, the District Court's judgment dismissing the case with prejudice should be affirmed.

Respectfully submitted: December 24, 2025

By: *s/ Sabrina A. Neff*
Sabrina A. Neff
HUSCH BLACKWELL LLP
Texas Bar No. 24065813
600 Travis Street, Suite 2350
Houston, Texas 77002
[Tel.] (712) 647-6800
[Fax] (712) 824-7905
Sabrina.Neff@HuschBlackwell.com

Brandon S. Stein
HUSCH BLACKWELL LLP
Arizona Bar No. 038536
2415 East Camelback Road, Suite 500
Phoenix, Arizonia 85016
[Tel.] (712) 647-6800
[Fax] (712) 824-7905
Brandon.Stein@HuschBlackwell.com
*Counsel for Defendant-Appellees*
*SWBC Mortgage Company & Federal*
*Home Loan Mortgage Corporation*

## CERTIFICATE OF SERVICE

I certify on December 24, 2025, the foregoing document was served, via the Court's CM/ECF Document Filing System, which will serve a copy upon the Appellant.

By: *s/ Sabrina A. Neff*
Sabrina A. Neff

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because it was prepared in a proportionally spaced typeface in Microsoft Word 365, using Century Schoolbook font, with 14-point typeface for text and 12-point for footnotes.

The undersigned further certifies that this brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because it contains 6925 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f) and 5th Cir R. 32.2.

By: *s/Sabrina A. Neff*
Sabrina A. Neff
*Counsel for Defendant- SWBC*
*Mortgage Company & Federal*
*Home Loan Mortgage Corporation*