# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2026

Lyle W. Cayce
Clerk

———————

No. 25-20441
Summary Calendar

———————

MICHAEL WAYNE SINGLETARY,

*Plaintiff—Appellant*,

*versus*

SWBC MORTGAGE CORPORATION; FEDERAL HOME LOAN
MORTGAGE CORPORATION, *also known as* FREDDIE MAC,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-2835

———————————————————

Before DAVIS, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Pro se Plaintiff-Appellant Michael Singletary brought this suit alleging that his mortgage lender improperly sold his mortgage to Freddie Mac. The district court dismissed Singletary's suit for failure to state a claim. We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-20441

I.

In 2024, Singletary obtained a loan secured by a mortgage on his home from Defendant-Appellee SWBC Mortgage Corporation (SWBC). He alleges that subsequently, without his knowledge, SWBC transferred ownership of the loan to Defendant-Appellee Freddie Mac. Singletary contends the transfer was wrongful because it was not recorded in the county property records and because it violated an alleged notification provision in the Deed of Trust. He brought claims for fraud, breach of contract, and to quiet title.

Defendants moved to dismiss pursuant to Rule 12(b)(6).[1] Acting on a magistrate judge's recommendation, the district court granted the motion. It found that to the extent Singletary relied on the "split the note" theory—the idea that ownership of promissory notes and deeds of trust cannot be separated—his suit failed because this theory has been definitively rejected by Texas courts. The court also held that Singletary had not adequately pleaded fraud because he did not allege facts tending to show that Defendants' statement that Freddie Mac owned the loan was false. It further found Singletary had not stated a claim to quiet title because he alleged no facts to show his claim to the property was superior to that of Defendants. And finally, it found Singletary did not adequately plead breach of contract because the Deed of Trust—which was attached to his original Complaint and thus properly before the court—contained *no provision* barring SWBC from transferring ownership of the loan or requiring it to give Singletary notice of such transfer. The court dismissed Singletary's claims with prejudice, finding that amendment would be futile.

_____

[1] Fed. R. Civ. P. 12(b)(6).

2

No. 25-20441

II.

On appeal, Singletary abandons the split-the-note theory he urged to the district court. But he again argues that SWBC's sale of his loan to Freddie Mac is void for failure to record the transfer in county property records, vitiating his indebtedness. However, he relies heavily on AI-hallucinated case law, and his theory finds no support in our *actual* case law.[2] Further failure to check the accuracy of cited authority before filing with the Court may result in sanctions.[3]

Singletary also raises several arguments which were not asserted below in his Amended Complaint or his opposition to Defendants' motion to dismiss. For example, he argues that (1) he received inconsistent statements about the "active" status of his loan which violates federal statutory servicing requirements, and (2) he was deprived of his Seventh Amendment right to a jury trial. These contentions are not persuasive, and again Singletary relies predominantly on non-existent case law. Moreover, the arguments were not developed before the district court and are therefore not properly before us.[4] Finally, we see no abuse of discretion[5] in the district court's finding that

---

[2] *See Cervantes v. New Century Mortg. Corp.*, 633 F. App'x 290, 291 (5th Cir. 2016) (per curiam) ("[T]he failure to record a transfer of a mortgage note does not make the mortgage unenforceable against the original mortgagor.") (citing Tex. Prop. Code § 13.001(b); *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 227–28 (5th Cir. 2013)).

[3] *See* Fed. R. App. P. 38.

[4] Singletary failed to raise these issues in his opposition to Defendants' motion and only cursorily mentioned them, without argument or citation to case law, in his objection to the magistrate judge's memorandum and recommendation. "As we have held, if a litigant desires to preserve an argument for appeal, the litigant must press and not merely intimate the argument during the proceedings before the district court." *F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994).

[5] *Wilson v. Bruks–Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) ("In general, we review a district court's denial of leave to amend for abuse of discretion.").

3

No. 25-20441

amendment would be futile because Singletary's claims rely on non-viable legal theories.

AFFIRMED.